————o————

## No. 3399.

(Court of Appeal, Parish of Orleans.)

PHILIP WERLEIN LTD. vs JAMES W. FEELY.

Questions of facts only are involved in this case.

Appeal from Civil District Court, Division D.

Ph. Gensler Jr, Plaintiff and Appellee.

W. S. Benedict, Defendant and Appellant.

BEAUREGARD, J. This is a suit by the plaintiffs herein to recover of the Defendant the sum of $515. with 6 per cent interest thereon from Aguust 15, 1903, till paid and 5 per cent Attorney's fees on amount sued for.

The amount claimed is the price of a piano, sold at the date above mentioned to the Defendant pursuant to the following agreement:

New Orleans, La., 8-15, 1903.

I hereby acknowledge to have received in good order from Philip Werlein Ltd, a piano made by Mathushek, style 9m, number-

193

ed 31,947, with S. and S. Rub. Cover, for which I will pay $540.00, with interest at...per cent per annum until paid, as follows:

Cash $25.00, pd, on Haines, balance $10.00 monthly in advance.

I agree not to remove said instrument from the premises known as 735 Henry Clay, without the written consent of the owners, Philip Werlein, Ltd., except in case of fire, and I will be responsible for all loss or damage that may accrue to said instrument while in my possession. I agree to return this instrument upon written demand at any time, after I have failed to make any payment when due, all payments that may have been made being considered as rent, and for wear and tear of instrument.

I do hereby agree that in case of default of any payment the whole amount will be considered due, and in case it shall become necessary to institute legal proceedings for the recovery of the amount due, the said lessee binds........self to pay the fees of the attorney-at-law who may be employed for that purpose, which fees are hereby fixed at five per cent, on the amount sued for.

J. W. FEELY.

C. JELLISON, Witness.

The undersigned owner of the above described piano, hereby agree to sell the same to the said lessee provided its full value, five hundred and forty dollars, be paid as below in the following manner:

Cash paid, on Haines...................................$ 25 00
......Balance at $10.00 month........................ 515 00
... ...........................................................$
.................................................................$

With interest 6 per cent.                                    $540 00
New Orleans 8-15, 1903,                         J. W. FEELY.

PHILIP WERLEIN LTD, J.

The Defense is the general issue, a recital of the transaction by which this piano was acquired and amounting to fraud practiced on Defendant and substantially, a demand for a recission of sale due to the defective quality of said piano: its tender; and in reconvention a return of the $25.00 paid by the Defendant on account.

From the decree of the Court a qua in full of Plaintiff's demand Defendant has appealed.

The facts of this case gathered from the record are as follows: It appears that in April 1903 the Defendant bought of the plaintiff a Haines piano for $287.00 payable at $5.00 per month with the privilege of exchanging it for a better one.

194

In plaintiff's store was a Mathushek piano which took Defendant's fancy. Informed that it was either sold or destined to some party and that another could be sent for from the manufacturers to effect an exchange, Defendant acquiesced in this; and a month afterwards or about the 15th, of August 1903 he was notified that the Piano had arrived and was at his disposal. On that date he paid his last installment on the Haines piano, the total of which amounted to $25.00 and on receiving a credit for that sum on the price of the Mathushek piano, valued at $540.00, it was then delivered to him at his residence after his entering into and signing the agreement hereinabove referred to, which under Act No. 62 of 1877, E. S. constituted an act of sale.

Defendant held silent and uncomplaining, possession of this Piano from the 15th. of August up to the 1st. of September, when he called on Plaintiff, with the request that the piano be taken back; but assigning no reasons therefor. Urged to retain it, he called again 10 days after renewed his request and (if Plaintiff's witnesses are to be believed and as they were by the Court a qua) pressed for a reason he declared that having had some sickness in his family, entailing heavy expenses, and exhibiting at that time a physicians bill he had to pay, his contract with plaintiff had in his estimation become an onerous one, and he found it hard to make both ends meet.

His request was nevertheless refused; but some leniency in the payment of his monthly instalments was extended to him.

Later on, defendant called at plaintiff's store, on several subsequent occasions renewing the request that the Piano should be sent for; giving a reason that it was unsatisfactory; and that the failure to comply with his request would cause him to store the piano at Plaintiff's cost.

This putting in default was done in the presence of two witness, and was followed by the present suit.

At the trial of this case, and outside of the terms of the contract upon which plaintiff stood and to the assailing of the terms of which he streneously objected, as of evidence against and beyond it and to vary, alter or modify it, Defendant asserted that this piano had been accepted or acquired by him "on trial."

The contract is silent as to such an agreement; and plaintiff's selling Clerk asserts most emphatically that no such condition had been agreed to.

Either a trial had been waived or the declaration in the contract that the Instrument had been received in "good order" was meaningless for: Signatures to an obligation are not mere ornaments. And the parties thereto will not be relieved simply because they do not know why they signed" Louque D. pg. 470 and authorities there cited.

195

However this may be, in the face of the contract, credence must be given to the testimony of plaintiff's witnesses to the fact that the piano in question was not sold on trial.

Defendant avers in his answer that "he was not an adept in music" but bought the piano for his wife, as shown by the record. He could at the time of the purchase or before then tested the soundness of the instrument, availing himself then of those very means, he declared, to have subsequently had recourse to teachers of music, piano tuners and piano repairers; and to whom reference will be made hereinafter.

Defendant sought to show that during the 15 days he had possession of the piano (August 15th to Sept. 1st) he called on plaintiff for a piano tuner, but in vain.

Plaintiff asserts that no such call was ever made. Now considering the surrounding facts and circumstances it would be difficult not to give credence to this assertion of plaintiff. He readily consented to the exchange of the Haines piano, sent the one (the Mathusek) given in exchange free of charge to defendant's residence; bound himself on the contract to remove it to a new home also free of charge.

Defendant sought further to show that this Mathushek piano was subject to a second exchange. Plaintiff testifies that such a proposition was broached but that a Chickering defendant had in view, was given up owing to its higher price and larger monthiy instalments.

Objection was, during the trial, made to the introduction of certain newspaper advertisements by the Plaintiff, in which it was sought to show that the piano sold to the Defendant for $540.00 was advertised for sale at $480.00 or at a much smaller amount, thus establishing Plaintiff's misrepresentations to Defendant. This proof was properly excluded. This suit was not one for a reduction of price, but for the annulment of the sale. In fact, prices vary and what is sold to-day at one price may, the next day, be sold at a lesser or higher figure.

Furthermore the piano sold to Defendant bore a special classification numbered as shown by the sketches of record.

Now, admitting that the want of or a defective quality in the thing sold may give rise to the redhibitory action and may, in that regard, open to proof the Act-evidence of thesale-Defendant in this case sought to avail himself of this right by introducing, to be heard several witnesses "Termed" "Experts." Their testimony was objected to as against and beyond the act of sale, and because said witnesses had not been shown to be experts. This objection was partly sustained by the trial Court and partly admitted.

The record fails to reveal what kind of experts was intended or

196

in what line these witnesses were experts. But considering that they were, from long experience and acquired skill and conversant with the soundness of musical instruments, competent to give their opinion as experts in that line, yet they were as such bound to give sound and valid reasons for their opinion. What these witnesses testified to was that the piano was not satisfactory; by one that it had a noise inside which should be removed. The other that some of the keys were out of order and that the action did not repeat itself; but no direct reason for this unsatisfactory condition of the piano was given; not that any existing cause of its unsoundness was but merely temporary and could not have been easily repaired; or was a permanent defect.

The Court's attention has been specially directed to the exclusion, by the trial Court, of the testimony of Defendant's last witness: F. J. Werner, on the grounds already stated i. e. that it was intended to assail-through him the act of sale and furthermore that it did not appear that witness was an expert.

He had been produced as a piano tuner and repairer. Even in that line he failed to admit or declare that he was an expert. Under this exclusion of his testimony, whatever of it was admitted tended to be but cumulative evidence as to the unsatisfactory condition of the piano; but whether expert or not his testimony would have been entitled to no greater credit than attaches to that of other witnesses and could hardly have been conclusive against the following features of the record :

1st. That Defendant had signed a contract declaring that he had received the piano in good condition.

2nd. That he had the same opportunity at the time of his purchase (as he declared he did afterwards and out of the vendor's presence) to test or have tested the Instrument.

3rd. That for 15 days he held possession of the piano without a word of complaint; afterwards, assigned no reason to have it taken back, then urged that he was unable to meet the instalments due on the contract, then gave as final reasons that the piano was unsatisfactory.

Good faith is always presumed in contracts and the Courts will believe that the parties to them understood each other H. D pg. 1001.

In this case this presumption taken in connection with the several grounds herein above enumerated are not overcome by the defense, and warrant the decree rendered by the Court a qua. It is therefore ordered that the judgment appealed from is affirmed.

Judgment affirmed.

May 2nd. 1904.

Rehearing refused, May 16th. 1904.